IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ADGRIAN B. MCKELLAR | § | |
| | § | |
| VS. | § | ACTION NO. 4:04-CV-189-Y |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |

### ORDER PARTIALLY ADOPTING MAGISTRATE JUDGE'S DECISION

Pending before the Court are Plaintiff's Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, which were filed in this cause on June 1, 2005. As of the date of this order, there has been no response to the objections. After review of the objections, the magistrate judge's decision, the record in this cause, and the applicable law, the Court concludes that the magistrate judge's decision should be partially adopted to the extent he determined that the administrative law judge employed an incorrect legal standard in concluding, at the second step of the sequential evaluation, that Plaintiff's impaired intellectual functioning did not constitute a severe impairment. As a result, and as required by the Fifth Circuit's decision in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985),[1] this Court concludes that

---

[1] In *Stone*, the Fifth Circuit noted that it had previously construed the Social Security Administration's regulation regarding step two's requirement of a severe impairment "as setting the following standard in determining whether a claimant's impairment is severe: '[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.'" 752 F.2d at 1101 (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)). This definition diverges from the

this matter must be remanded to the Secretary for "reconsideration of the facts in the light of the proper standard, after considering any further evidence as may be offered by either the claimant or the [Commissioner]."  *Id.* at 1106.

It is, therefore, ORDERED that Plaintiff's objections [document number 20] are hereby SUSTAINED.  The decision of the magistrate judge is hereby PARTIALLY ADOPTED as reflected above.  This matter is REVERSED AND REMANDED to the Commissioner for further proceedings consistent with this decision.

SIGNED September 6, 2005.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

Secretary's regulation, which provides that an impairment is only severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities."  *Id.* at 1100, n.3 (quoting 20 C.F.R. § 404.1520(c) (1984)); *see also Loza v. Apfel*, 219 F.3d 378, 391 n.18 (5th Cir. 2000) (noting that the Secretary's regulation has not significantly changed since the decision in *Stone*).  Due to the Secretary's apparent recalcitrance in applying the standard as determined by the Fifth Circuit, the court concluded in *Stone* as follows:

> In view of both the Secretary's position in this case and our recent experience with cases where the disposition has been on the basis of nonseverity, we will in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to [the regulation] is used.  Unless the correct standard is used, *the claim must be remanded to the Secretary for reconsideration.*

*Id.* at 1106 (emphasis added); *see also Loza*, 219 F.3d at 393 (reversing and remanding where "the ALJ and Appeals Council applied an incorrect standard to the severity requirement").